**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1650
_____

FREDERICK H. BANKS,
And on behalf of the citizens of Ukraine,
Appellant

v.

DIRECTOR CENTRAL INTELLIGENCE AGENCY; PRESIDENT JOE BIDEN;
SECRETARY UNITED STATES DEPARTMENT OF STATE; SECRETARY UNITED
STATES ARMY; SECRETARY UNITED STATES NAVY; SECRETARY UNITED
STATES MARINES; SECRETARY UNITED STATES AIR FORCE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:22-cv-01605)
District Judge:  Honorable Christine P. O'Hearn

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2022
Before: RESTREPO, RENDELL, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: September 28, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Frederick Banks, an inmate proceeding pro se, appeals from the District Court's order dismissing his petition as frivolous. We will affirm the judgment of the District Court.

In March 2022, Banks filed a "petition for a writ of mandamus & habeas corpus to secure evacuation routes out of Ukraine and to protect and secure Ukrainians … and to lif[t] the FISA warrant against Ukrainians and petitioner[]." D. Ct. Docket No. 1-2. He put forth various allegations regarding the U.S.'s involvement in the Ukraine and Russia conflict, asserting, for example, that "the CIA is controlling Putin and Russia Troop movements into Ukraine." Id. at 1. He asked, *inter alia*, for the District Court to order respondents to use U.S. taxpayer funds to support Ukraine's citizens and their defense and to evacuate them from Ukraine. Banks additionally requested "discharge[] from custody and restraint." Id. at 2. Screening the case under 28 U.S.C. § 1915(e)(2)(B) and Rule 4 of the Rules Governing § 2254 cases, the District Court dismissed the petition as frivolous.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's application of law under § 1915(e)(2)(B) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We agree with the District Court that Bank's petition is frivolous. "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly

2

baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28 (1989)); see also Denton v. Hernandez, 504 U.S. 25, 32–33 (1992). Banks' petition includes allegations that events in Ukraine are caused by "Telepathic Behavior Modification" and other psychic actions. We agree that these factual assertions, which form the basis for his request for relief, are clearly removed from reality. Despite Banks' arguments to the contrary, the District Court did not abuse its discretion or otherwise err in dismissing the petition without providing Banks an opportunity to amend, because amendment would have indeed been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113–14 (3d Cir. 2002).

Finally, to the extent that Banks challenges the District Court's disposition of his request for habeas relief, he must obtain a certificate of appealability ("COA") to proceed. See 28 U.S.C. § 2253(c)(1)(A). He is not entitled to a COA, however, because reasonable jurists would not debate the District Court's decision to dismiss his petition. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Namely, Banks failed to assert any comprehensible claim for relief.

To the extent that a certificate of appealability is not needed for this appeal, and for the reasons given above, we will affirm the judgment of the District Court.

3